UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALLACE EDWARD SMITH                                    CIVIL ACTION

VERSUS                                                  NO. 19-12880

BP EXPLORATION &                                        SECTION M (1)
PRODUCTION, INC., *et al.*

## ORDER & REASONS

Before the Court is a motion by defendants BP Exploration & Production Inc. and BP America Production Company (together, "BP") for summary judgment.[1]  The motion was set for submission on January 27, 2022.[2]   Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was January 19, 2022.  Plaintiff Wallace Edward Smith,[3] who is proceeding *pro se*, did not file an opposition.  Accordingly, because the motion is unopposed and it appears to the Court that the motion has merit,[4]

---

[1] R. Doc. 48.

[2] R. Doc. 48-5.

[3] A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

[4] This toxic-tort case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010.  On January 11, 2013, U.S. District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA").  *See Brown v. BP Expl. & Prod. Inc.*, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019).  The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members, such as clean-up workers who follow procedures outlined in the MSA, to sue BP for later-manifested physical conditions ("LMPC").  *Id.*  Smith was employed as a clean-up worker from April 2010 to September 2010. R. Doc. 1 at 5.  On September 30, 2019, he filed this action pursuant to the MSA seeking compensation for his LMPC of prostate cancer, which was diagnosed on September 26, 2016.  *Id.* at 6.  On October 12, 2021, Wallace's former counsel informed BP's counsel that Wallace was withdrawing his previously designated expert witnesses.  R. Doc. 48-3.  Shortly thereafter, Wallace's counsel withdrew from the case and the Court stayed the proceedings for 60 days to allow Wallace time to find new counsel. R. Docs. 42, 47.  Wallace did not obtain new counsel.  In its motion for summary judgment, BP argues that it is entitled to summary judgment because Johnson cannot offer expert testimony to prove that his alleged medical conditions were legally caused by his exposure to substances related to the Deepwater Horizon oil spill.  R. Doc. 48-1.  Pursuant to the MSA, a plaintiff bringing a BELO lawsuit for an LMPC must prove the following elements:

IT IS ORDERED that BP's motion for summary judgment (R. Doc. 48) is GRANTED, and Smith's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 20th day of January, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

(i) The fact of the diagnosis, *i.e.* whether the class member was correctly diagnosed with the alleged LMPC;

(ii) The amount and location of oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;

(iii) The level and duration of the class member's exposure to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;

(iv) Whether the class member's alleged LMPC was legally caused by his or her exposure to oil, other hydrocarbons and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities;

(v) Whether any alternative cause exists for the alleged later manifested physical condition; and

(vi) The amount, if any, of compensatory damages to which the class member is entitled.

*Legros v. BP Am. Prod. Co.*, 2018 WL 4853713, at *2-3 (E.D. La. Oct. 5, 2018).  Thus, although a BELO plaintiff need not prove liability to recover damages, he or she must prove that exposure to oil or other substances legally caused his or her physical condition.  *Id.* at *3.  Generally, "'when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation.'"  *Cibilic v. BP Expl. & Prod.*, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (quoting *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002)).  Expert testimony is required to establish causation in toxic-tort cases where "'[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden'" of proof.  *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (quoting *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)).  Indeed, the Fifth Circuit has held that such evidence is required in these MSA cases.  *See McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 434 (5th Cir. 2020).  Having withdrawn his experts, Smith cannot present the expert testimony required to prove his claim.  Thus, BP is entitled to summary judgment in its favor.